Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 78} I concur with the majority’s holding ordering the probate court to terminate the guardian’s authority to withdraw life support, but for a different reason. I believe that the probate court lacked jurisdiction to grant any authority at all to the guardian in this case. I cannot agree that Aiden’s hospitalization for less than one month before the first hearing in Summit County gave jurisdiction to the probate court of that county. Pursuant to R.C. 2111.02(A), the person for whom a guardian is appointed must be “a resident of the county or [have] a legal settlement in the county.” We set a dangerous precedent when we hold that hospitalization establishes settlement for purposes of probate court jurisdiction. That holding will affect not just babies, but people at the other end of life. Elderly citizens with substantial assets could become victims of people with less than admirable economic motives trying to establish guardianship outside the ward’s home county.
{¶ 79} Here, Aiden’s fate should be decided in Richland County. Ohioans do not abandon their homes just by being in the hospital somewhere else.